O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

**Present: The Honorable**     A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys NOT Present for Plaintiffs:          Attorneys NOT Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)


Appellant-Debtor Georges Marciano appeals from two related bankruptcy court orders approving of the sale of real and personal property.[1]  Marciano's objections are based on the fact that the Order of Relief in his personal bankruptcy case is currently on appeal before the Ninth Circuit Court of Appeals.  He contends that in light of this appeal, the bankruptcy court should have delayed the sales of his assets.  Because the arguments that Marciano raises in these appeals have already been rejected by the Ninth Circuit and the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), the law of the case requires this Court to defer to those earlier determinations.  Accordingly, the Court AFFIRMS the bankruptcy court's orders.  The Motion to Dismiss of Appellee Lasky Properties, Inc. in CV12-5726 is DENIED.[2]

## I.   BACKGROUND

As the parties are well aware of the factual background of the case, an exhaustive

---

[1] CV12-5726 (Dkt. 19); CV12-5784 (Dkt. 15). Unless otherwise noted, docket numbers in this order refer to CV12-5726.

[2] Dkt. 7.

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

description of the underlying circumstances is unnecessary.  It is, however, necessary to provide some of the background of the ongoing bankruptcy proceedings, as well as the particular orders at issue in these appeals.

     A.     Ongoing Bankruptcy Proceedings and Marciano's Attempts to Stay the Case

     On October 27, 2009, some of Marciano's creditors filed an involuntary petition against him in bankruptcy court under Chapter 11 of the Bankruptcy Code.  Marciano actively opposed the petition, but the creditors prevailed.  On December 10, 2010, the bankruptcy court entered an Order of Relief bringing Marciano's assets and liabilities under bankruptcy court jurisdiction. Marciano then appealed the Order of Relief to the BAP, arguing that the Order of Relief should not have been granted because a large portion of his liabilities arose from state court judgments that were then on appeal.  A divided panel of the BAP affirmed the Order of Relief on September 15, 2011.  Marciano then appealed the BAP's decision to the Ninth Circuit.  That appeal is currently pending.

     Marciano has doggedly sought to stay the bankruptcy proceedings for the duration of his appeal of the Order of Relief. In January 2011, before the BAP issued its decision affirming the Order of Relief, Marciano asked the bankruptcy court to stay all aspects of the bankruptcy proceedings during the pendency of the appeal. That request was denied. He then asked the BAP and the Ninth Circuit to stay the bankruptcy proceedings, but those requests were also denied. He again made similar requests to the bankruptcy court and the BAP in May 2011, and those requests were similarly unsuccessful.

     Marciano's efforts to stay the case did see some success, however, in July 2012, when the Ninth Circuit granted his request to stay the bankruptcy proceedings pending the Circuit's review of the BAP's decision affirming the Order of Relief.  The Ninth Circuit remanded to the BAP "for the limited purpose of establishing the appropriate conditions to protect the rights of all parties in interest and to maintain the status quo." On remand, the BAP ordered that Marciano post bond within thirty days as a condition of the stay.  Marciano failed to post the required bond.  Accordingly, the stay was terminated.  Shortly after the stay was terminated, Marciano attempted to revive it by filing a motion before the Ninth Circuit to vacate or modify the conditions imposed by the BAP.  The Ninth Circuit denied that request on November 7, 2012.

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

B.      Orders Authorizing Sale of the Real and Personal Property

   Lasky Properties, Inc. ("Lasky Properties"), the appellee in CV 12-5726, is a California corporation. The principal assets of Lasky Properties are several pieces of improved real estate in Beverly Hills, California ("the Lasky Real Estate"). The sole shareholder of Lasky Properties is Brownwood Creek, LLC ("Brownwood Creek"). Before the commencement of the bankruptcy proceedings, Brownwood Creek was owned by the Georges Marciano Trust.

   In the involuntary personal bankruptcy case of Georges Marciano, the bankruptcy court authorized the appointed Trustee of the Georges Marciano bankruptcy estate ("the Trustee") to revoke the Marciano Trust. The bankruptcy court also issued an order declaring that all the entities owned by the Georges Marciano Trust were assets of the Georges Marciano bankruptcy estate.

   Based on these authorizations, the Trustee took control of the entities owned by the revoked trust. With the Trustee at their helm, these entities, including Lasky Properties, filed voluntary petitions under Chapter 11 of the bankruptcy code in February 2012. Each of these petitions was filed in a separate case with a separate case number, although the bankruptcy court ordered that they be jointly administered with the underlying Georges Marciano personal bankruptcy case. Lasky Properties soon found a prospective purchaser for the Lasky Real Estate, and in April 2012, Lasky Properties filed a motion to authorize the sale of the Lasky Real Estate for just over $7 million.

   Meanwhile, the Bankruptcy Trustee discovered valuable personal property in other Beverly Hills residences owned by some of the other entities that the Trustee took control of upon the revocation of the Georges Marciano Trust. The Trustee believed that this personal property, which included several vehicles, pieces of art, and antiques, belonged to Georges Marciano personally. In May 2012, the Trustee filed a motion in the Marciano bankruptcy case for authorization to sell this personal property and to employ an auction house to do so.

   Through counsel, Marciano objected to both the motion to sell the Lasky Real Estate and the motion to sell the personal property. His principal contention in both

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|----------|-----------------------------------------------------------------|------|-------------------|
| Title | In re MARCIANO | | |

instances was that the sales should be delayed until the Ninth Circuit ruled on the appeal of the Order of Relief in his personal bankruptcy case.  The Trustee argued that the delay was neither necessary nor prudent, and further argued that Marciano did not have standing to object to either sale.

The bankruptcy court granted the motion for the sale of the Lasky Real Estate on June 26, 2012 and the motion for the sale of the personal property on June 27, 2012.  In its orders, the bankruptcy court determined that delay of the sales was unwarranted and that, as an additional matter, Marciano lacked standing to object to the sales.  Marciano timely appealed both orders to this Court.

In CV 12-5726, the appeal of the order authorizing the sale of the Lasky Real Estate, Georges Marciano is the appellant and Lasky Properties is the appellee.  In CV 12-5784, the appeal of the order authorizing the sale of the personal property, Georges Marciano is the appellant and the Trustee of the Georges Marciano bankruptcy estate is the appellee.  Although the appellees in the two appeals are nominally separate actors, as a practical matter they are not.  Because Lasky Properties is a wholly owned asset of the Georges Marciano bankruptcy estate, the Trustee controls Lasky Properties in his role as the Trustee of the Marciano bankruptcy estate.  Lasky Properties is represented by the same attorneys that represent the Trustee in the appeal from the order allowing the sale of the personal property (and all of the other related appeals before this Court).[3]

The objections that Marciano raises in CV 12-5726 regarding to the order authorizing the sale of the Lasky Real Estate are essentially identical to the objections he raises in CV 12-5784 regarding the order authorizing the sale of the personal property.  Similarly, the arguments that Lasky Properties levies in support of the bankruptcy court's order in CV 12-5726 are essentially the same as the arguments that the Trustee raises in

---

[3] In the appeal from the order authorizing the sale of the Lasky Real Estate,  Marciano incorrectly named as the appellee "David K. Gottlieb, Chapter 11 Trustee, on behalf of Lasky Properties, Inc."  As a technical matter, this is erroneous because Lasky Properties moved for authorization of the sale of the Lasky Real Estate and thus that entity is the appellee in the appeal from the order granting that motion.  Nonetheless, the Court rejects the contention of Lasky Properties that this insignificant, hypertechnical error requires dismissal of that appeal.

O; **JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

CV 12-5784.  For that reason, this Court will resolve both appeals in a single order.[4]

## II.   STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391 B.R. 25, 32 (9th Cir. BAP 2008).  For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record.  *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).  A bankruptcy court's conclusions of law are reviewed *de novo*.  *In re Reynoso*, 315 B.R. 544, 549 (9th Cir. BAP 2004).

## III.   ANALYSIS

As an initial matter, the Trustee contends that Marciano lacks standing to appeal the two sale orders.  He argues that Marciano cannot appeal from orders affecting the size of the Georges Marciano bankruptcy estate because he has not shown a significant possibility of a surplus estate (that is, an estate in which the value of the estate's assets exceeds its liabilities).  Marciano contends that a surplus estate is likely and objects to the Trustee's calculations of his estate's assets and liabilities.  However, the parties have not provided this Court with sufficient information to decide this question.  Marciano notified this Court in a separate appeal that the California Court of Appeal has recently substantially reduced one of the Marciano estate's liabilities.  *See* CV12-9985, Appellant's Emergency Peition for Writ of Mandamus at 2 (Dkt. 5).  However, neither Marciano nor the Trustee has informed the Court how this development affects their respective arguments in the instant appeals.  For this reason, and in light of this Court's resolution of the merits of these appeals, the Court rejects the Trustee's standing argument and DENIES the Motion to Dismiss in CV12-5726.

As for the merits, Marciano argues that the pending appeal of the Order of Relief deprived the bankruptcy court of jurisdiction to enter the orders approving of the Lasky Real Estate and the personal property.  He bases this argument on several Ninth Circuit

---

[4] Despite the fact that the appellees in the two appeals are technically different entities, in the interests of brevity this order will refer to them collectively as "the Trustee."

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM* <br> CV12-05784-AHM <br> Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

cases, including *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000)*,* and *In re Mason*, 709 F.2d 1313 (9th Cir. 1983), as well as a district court case, *In re Advanced Packaging and Products Co.*, 426 B.R. 806 (C.D. Cal. 2010).   For his part, the Trustee objects to Marciano's construction of those cases and argues that the appeal of the Order of Relief does not deprive the bankruptcy court of jurisdiction over all aspects of the bankruptcy case.

This Court need not decide which party has the better argument because Marciano's arguments on this issue have already been rejected by both the BAP and the Ninth Circuit.  Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).  More specifically, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Id.*  In bankruptcy cases like this one, the BAP and the district courts review the decisions of the bankruptcy court much like separate panels of an appellate court.  Thus, this Court is precluded from adopting arguments that have been rejected by the Ninth Circuit or the BAP in prior appeals arising from the same bankruptcy case.

In January 2011, shortly after the bankruptcy court entered the Order of Relief, Marciano filed a motion before the BAP requesting that it stay his personal bankruptcy case.  Appellee's Supp. Excerpts of Record ("EER") at 1398.  In that motion, Marciano argued that his appeal of the Order of Relief deprived the bankruptcy court of jurisdiction under *Padilla*, *Mason*, and *Advanced Packaging*.  *Id.* at 1424-33.  He also argued that he was entitled to a stay of the proceedings under Bankruptcy Rule 8005.  *Id.* at 1433. The BAP denied Marciano's motion.  *Id.* at 1836.  Marciano then turned to the Ninth Circuit, requesting a stay and arguing that the bankruptcy court lacked jurisdiction over the ongoing bankruptcy case pending the appeal of the Order of Relief under *Padilla*, *Mason*, and *Advanced Packaging*.  *Id.* at 2011, 2023-25. The Ninth Circuit denied that motion. *Id.* at 2551.

In short, the BAP and the Ninth Circuit have already rejected the very arguments that Marciano makes here.  Indeed, portions of Marciano's briefing in both the instant appeals appear to be copied *verbatim* from his unsuccessful January 2011 motion for a

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

stay of his personal bankruptcy case before the BAP.  *Compare* EEER at 1427 *with* Appellant's Opening Brief (CV12-5726  Dkt. 19) at 8 *and* Appellant's Opening Br. (CV 12-5784 Dkt. 15) at 7.  Marciano may not repeat his rejected argument every time the bankruptcy court enters an order in his case and hope for a different result, and henceforth should refrain from doing so.  This Court is required to adhere to the earlier rulings under the law of the case.

To be sure, Marciano's efforts to stay his bankruptcy case saw some fleeting success: in July 2011, the Ninth Circuit granted his request to stay the case.  But that order did *not* credit Marciano's main argument in these appeals: that the bankruptcy court lacked jurisdiction to continue administering the case while the appeal of the Order of Relief was pending. Rather, that order simply granted Marciano's request for a stay. Moreover, by ordering the BAP to impose conditions of that stay and subsequently refusing to vacate or modify those conditions after Marciano failed to comply with them, the Ninth Circuit allowed that stay to terminate. Evidently, the Circuit has perceived no jurisdictional defect in the ongoing bankruptcy proceedings.  Thus, the Ninth Circuit's July 2011 grant of Marciano's request for a stay of the bankruptcy proceedings does not alter the law-of-the-case analysis.

The Court acknowledges that the appeal in CV12-5726 arises from the voluntary Chapter 11 case of Lasky Properties, which is technically a separate case from the Georges Marciano personal bankruptcy case.  But that technicality is no bar to applying the law of the case to preclude crediting Marciano's arguments in the Lasky Properties appeal that were previously rejected by the BAP and the Ninth Circuit in appeals from his personal bankruptcy case. The Lasky Properties bankruptcy case arises directly from the Marciano personal bankruptcy case and is jointly administered with it.  The Trustee controls Lasky Properties and his attorneys represent Lasky Properties.  As noted above, Marciano raises the exact same arguments in his appeal from the Lasky Properties bankruptcy case as he did in the January 2011 motion to the BAP in his underlying personal bankruptcy case.

Moreover, Marciano's own submissions show he understands the Lasky Properties proceeding and his personal bankruptcy case as functionally the same case.  In his submissions, Marciano consistently refers to appellee Lasky Properties as "the Trustee."

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-05726-AHM*<br>CV12-05784-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 10, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

Moreover, his overarching argument in the Lasky Properties appeal is that the appeal of Order of Relief in his personal bankruptcy case deprived the bankruptcy court of jurisdiction over the Lasky Properties case.  In sum, all parties understand that as a practical matter the Marciano personal bankruptcy case and the Lasky Properties bankruptcy case should be treated alike.  Accordingly, in the Lasky Properties case the law of the case fully applies to previous rulings in the Marciano personal bankruptcy case, and application of that doctrine requires that this Court not accept Marciano's previously rejected jurisdictional arguments.

Finally, Marciano argues that, even if the bankruptcy court retained jurisdiction to authorize the sale orders, it should have delayed them as a matter of discretion.  But this argument suffers the same flaw as his jurisdictional argument: it has been exhaustively presented to, and rejected by, the BAP and the Ninth Circuit. In its November 7, 2012 order refusing to vacate or modify the conditions of the stay, the Ninth Circuit implicitly approved of allowing the bankruptcy case to proceed.  As such, this Court will not now declare that those proceedings should have been halted.

## IV.    CONCLUSION

The orders of the bankruptcy court are AFFIRMED. The Motion to Dismiss of Appellee Lasky Properties in CV12-5726 is DENIED.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

## JS-6

_____ : _____

Initials of Preparer                    SMO

cc: **Bankruptcy Court**